**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39471**

| | |
|---|---|
| STATE OF IDAHO, ) | 2012 Unpublished Opinion No. 666 |
| ) | |
| Plaintiff-Respondent, ) | Filed: October 11, 2012 |
| ) | |
| v. ) | Stephen W. Kenyon, Clerk |
| ) | |
| NICHOLAS DEAN CHILDERS, ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| Defendant-Appellant. ) | BE CITED AS AUTHORITY |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; LANSING, Judge; and GUTIERREZ, Judge

PER CURIAM

Nicholas Dean Childers pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). Following his plea, Childers was sentenced to a unified term of seven years with three years determinate. The district court retained jurisdiction for a period of one year, and Childers was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

Six months later, after receiving a recommendation from NICI to relinquish jurisdiction due to Childers' poor performance while on the rider program, the district court relinquished jurisdiction. Childers filed an Idaho Criminal Rule 35 motion, which the district court denied.

1

Childers appeals, claiming that the district court erred by relinquishing jurisdiction, imposing an excessive sentence, and denying his Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Childers has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Childers also contends that the unified sentence of seven years with three years determinate is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The record does not indicate that the sentence imposed was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

Childers asserts that the district court further abused its discretion by denying his Rule 35 motion. A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence,

rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Having reviewed the record, including any new information submitted with Childers' Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion.

Accordingly, the order of the district court relinquishing jurisdiction, Childers' sentence, and the district court's order denying Childers' I.C.R. 35 motion are affirmed.